## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**CLEON RILEY,**
                    **Plaintiff,**

    **v.**                                              **CIVIL ACTION NO. 16-11064-LTS**

**CAROL HIGGINS O'BRIEN, ET AL.,**
                    **Defendants.**


### MEMORANDUM AND ORDER

**SOROKIN, U.S.D.J.**

**I.    Introduction**

On June 6, 2016, prisoner plaintiff Cleon Riley ("Riley") filed a civil rights Complaint against a number of prison officials and prison service providers. He alleged various constitutional violations as a result of his 2015 transfer from MCI Concord to the Plymouth County Correctional Facility ("PCCF"). He claimed this transfer has caused him to suffer severe restrictions or limitations in his conditions of confinement at PCCF, compared with those at MCI Concord. He further contended that as a state prisoner, he should be allowed the same conditions at PCCF that he had at MCI Concord. His grievances included such matters as the limited access to canteen items and telephone calls, excessive charges for canteen items and telephone calls, limited access to gym and recreational activities, limited access to visitation from family and friends, the lack of immediate medical care, and the loss of his personal property.

On September 2, 2016, this Court issued a Memorandum and Order (Docket No. 10) granting Riley leave to proceed *in forma pauperis* and directing him to demonstrate good cause in writing by October 14, 2016 why this case should not be dismissed for the reasons stated therein, or file an Amended Complaint curing the pleading deficiencies. This Court noted that the Complaint was legally deficient because, *inter alia*: (1) Riley failed to state plausible claims in accordance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because he combined all of his causes of action against all of the defendants collectively; (2) Riley failed to state plausible claims pursuant to 42 U.S.C. §§ 1981 and 1985 insofar as there

were no allegations of a conspiracy nor was there any factual allegations of discriminatory animus; (3) Riley failed to state plausible claims under 42 U.S.C. § 1983 because: (a) there is no *respondeat superior* liability of supervisors; (b) sovereign immunity barred monetary damages claims against the defendants sued in their official capacities; (c) the allegations concerning Riley's classification and transfer to PCCF did not present any constitutional due process violations; (d) Massachusetts regulations regarding classification and transfer to PCCF did not present any state-created liberty interest; (e) Riley had not set forth any facts from which the Court reasonably could infer that atypical and unique circumstances existed that would implicate procedural or substantive due process concerns; (f) Riley's claims regarding telephone costs and limitations did not present due process violations because he has no *per se* constitutional right to use the telephone and he had alternative means of communication available; (g) defendant Globel Tel Link was not a state actor for purposes of § 1983; (h) Riley's claims based on lack of canteen items and cost did not violate his constitutional rights because a prisoner has no right to use a prison commissary; (i) Riley's claims based on limited visitor access did not violate his First Amendment right of association, or his Fourteenth and Eighth Amendment rights; (j) Riley's claims based on inadequate medical care and lack of exercise or recreational activities did not rise to the level of cruel and unusual punishment because there were no allegations of deliberate indifference to a serious medical need; and (k) Riley's claims for loss of personal property failed to state a claim because he failed to allege he did not have an adequate state remedy; (4) Riley failed to state a plausible claim under the Massachusetts Tort Claims Act ("MTCA") because the claim is barred by sovereign immunity, the proper defendant is the Commonwealth of Massachusetts and not the named defendants, and he failed to exhaust his administrative remedies as required by the MTCA; and (5) Riley failed to state a plausible claim under the Massachusetts Declaration of Rights because he did not state any facts that his deprivations occurred by threats, intimidation or coercion.

On September 21, 2016, Riley filed a Letter (Docket No. 13).  In that Letter, Riley again compares his conditions of confinement when housed at MCI Concord to the less-comfortable conditions at PCCF.  Specifically, he contends that at MCI Concord, he was learning a trade to

earn a living once he was released from prison, his physical health was better at MCI Concord, he was able to save money for his release at MCI Concord but has spent a substantial sum of money due to the high cost of canteen items at PCCF, particularly for food because he does not eat much of the state food.  He also contends that the environment at PCCF is not conducive to preventing his risk of recidivism and there is no supportive structure in place.  He is not allowed to work and save money as he had done at MCI Concord, there are no trades to learn or college classes to attend.  Riley begs the Court to review his criminal record, which will show that he never had serious disciplinary reports filed against him.

Finally, he states that he is still waiting for the rest of his legal mail, photographs, letters and other property, including his MP4 player and music.

Riley did not file any further response nor did he file an Amended Complaint by the Court's deadline.

## II.   Discussion

As an initial matter, this Court construes Riley's Letter (Docket No. 13)  as his show cause response.  As such, the Court finds the response to be insufficient to permit this action to proceed.  Riley fails to address in any meaningful fashion any of the legal impediments to his claims.  He does not support his contentions with relevant law, nor does he argue that the propositions cited in this Court's Memorandum and Order are legally unfounded.  Simply put, Riley is unhappy at PCCF and claims that it is unfair to him to be housed at PCCF and not MCI Concord.  He begs the Court to help him so he can be released and never be incarcerated again.

Notwithstanding that Riley presents allegations that his life at PCCF is more restrictive and programs are limited, he has not alleged any facts or circumstances showing that his deprivations constitute an atypical or significant hardship as required by Sandin  v. Connor, 515 U.S. 472 (1995).  See Abdullah v. Sec'y of Pub. Safety, 42 Mass. App. Ct. 387, 390, 677 N.E.2d 689, 692 (1997) (prisoner had no protected liberty interest in a prison with a particular security grade or in a particular location) citing Sandin; Dominique v. Weld, 73 F.3d 1156, 1160-61 (1st Cir. 1996) and Hastings v. Commissioner of Correction, 424 Mass. 46, 50-52, 674 N.E.2d 221 (1977); see also Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (prisoner has no federally

created liberty interest in remaining at a particular prison absent specific acts of misconduct);

Lombardo v. Meachum, 548 F.2d 13, 15 (1st Cir. 1977) (finding neither Massachusetts statutory

law nor state case law conferred an inmate a right not to be transferred).

Finally, Riley's argument that because he is a state prisoner, he cannot be transferred

from a state facility to a county facility, is unsupported.  Massachusetts law provides for the

discretion of the Commissioner of the Department of Corrections to "transfer any sentenced

prisoner from one correctional institution of the commonwealth to another, and with the approval

of the sheriff of the county from any such institution except a prisoner serving a life sentence to

any jail or house of correction . . . . "  Mass. Gen. Laws Ann. ch. 127, § 97.  Riley does not

allege that the Sheriff of Plymouth County has not given approval for the transfer, nor has he

alleged he is serving a life sentence and therefore foreclosed by statute from transfer to PCCF.

In light of all of the above, and for the reasons outlined in the comprehensive

Memorandum and Order (Docket No. 10), Riley fails to state any plausible claims upon which

relief may be granted.  Accordingly, this action must be dismissed, as set forth below.

## III.    Conclusion

Based on the foregoing, this action is hereby <u>DISMISSED</u> in its entirety.[1]  Any state

claims asserted by Riley are <u>DISMISSED</u> without prejudice to raising those claims in another

forum, if appropriate.


SO ORDERED.

                                        /s/ Leo T. Sorokin
                                        LEO T. SOROKIN
                                        UNITED STATES DISTRICT JUDGE

DATED: November 3, 2016

---

[1]This ruling is deemed to be a dismissal on the merits for purposes of 28 U.S.C.
§ 1915(g).